*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LM.

---

AMY MONTGOMERY,

      Petitioner-Appellee,

v

LM,

      Respondent-Appellant.

UNPUBLISHED
July 15, 2026
8:46 AM

No. 375906
Washtenaw Probate Court
LC No. 25-000336-MI

---

Before: M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's initial order for mental-health treatment. We affirm for the reasons stated in this opinion.

## I. SUBJECT-MATTER JURISDICTION

Respondent first argues that the trial court did not properly consider a report on alternative treatment options and that the failure deprived the court of subject-matter jurisdiction. We disagree. "Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it. *In re Eddins*, 342 Mich App 529, 538; 995 NW2d 604 (2022). It is well-established that probate courts have exclusive legal and equitable jurisdiction over proceedings brought under the Mental Health Code, MCL 330.1001 *et seq*. *Id*. That subject-matter jurisdiction is not dependent upon strict compliance with the Mental Health Code. *Id*. Thus, regardless of whether the probate court properly considered an alternative treatment report, the court had subject-matter jurisdiction over the proceeding.

## II. FAILURE TO CONSIDER REPORT ON ALTERNATIVE TREATMENT

### A. STANDARD OF REVIEW

Respondent argues that the trial court erred because it did not strictly comply with the requirements in MCL 330.1469a. This issue is not preserved for appellate review because it was not raised in the trial court. *In re MAT*, ___Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 2-3; see also *id*. at ___; slip op at 2. Accordingly, our review is for plain error affecting respondent's substantial rights. *Id*. Under the plain-error standard, "a party must show that an error occurred, that it was clear or obvious, and that it caused prejudice, i.e., that the error affected the outcome of the proceedings." *Id*. at ___; slip op at 3 (quotation marks and citation omitted).

### B. ANALYSIS

The Mental Health Code provides the statutory framework for imposing involuntary mental-health treatment on an individual. MCL 330.1403. See also *In re Portus*, 325 Mich App 374, 382; 926 NW2d 33 (2018). " 'Involuntary mental health treatment' means 'court-ordered hospitalization, assisted outpatient treatment, or combined hospitalization and assisted outpatient treatment as described in [MCL 330.1468].' " *In re Londowski*, 340 Mich App 495, 504-505; 986 NW2d 659 (2022), citing MCL 330.1400 (f). Involuntary mental-health treatment may be ordered if the probate court finds that the individual is a "person requiring treatment" under MCL 330.1401(1)(a) through (c). *Id*. See also MCL 330.1468(2).

A probate court "does not have unfettered discretion to choose a form of treatment and placement for an individual found to be a person requiring treatment." *Portus*, 325 Mich App at 390. Instead, before ordering a course of treatment, the probate court must comply with MCL 330.1453a and MCL 330.1469a. See *id*.

MCL 330.1453a provides that a probate court must order a "report assessing the current availability and appropriateness for the individual of alternatives to hospitalization" when it receives a petition for a determination that an individual is a person requiring treatment along with a clinical certificate executed by a physician, licensed psychologist, and/or psychiatrist; or when it receives a demand to convene a temporarily deferred hearing. See also MCL 330.1452(1)(a) to (d). MCL 330.1453a requires that the report be prepared by "the community mental health services program" with preference given to the agency familiar "with the treatment resourced in the individual's home community."

In the present case, the probate court ordered a report on alternative treatments after it received the petition and two clinical certificates, and after it received petitioner's demand to reconvene the previously deferred hearing. The probate court received the report before the scheduled hearing for involuntary mental-health treatment. The report was completed by a licensed social worker at Washtenaw Community Health and provided details about the only available and applicable alternative to hospitalization, i.e., assisted outpatient treatment. The report noted that other alternative treatments were either not applicable or not recommended. By ordering the report, the probate court properly complied with MCL 330.1453a.

Respondent contends, however, that the probate court did not strictly comply with MCL 330.1469a. MCL 330.1469a(1) provides in relevant part that before a probate court orders a course of treatment, it must review the report on alternative treatments "not more than 15 days before the court issues the order." In the present case, the probate court received the report the day before the hearing. Respondent suggests that the court did not review the report because the court did not state on the record that it had reviewed the report. However, trial judges are presumed to know the applicable law. See *Auto-Owners Ins Co v Keizer-Morris, Inc*, 284 Mich App 610, 612-613; 773 NW2d 267 (2009). Considering that presumption, and the fact that the court ordered the report and timely received it prior to the hearing, we conclude that respondent has not shown that an error occurred that is clear or obvious. Moreover, respondent has not established that her substantial rights were affected by the court's alleged failure to consider the report. As stated earlier, the report detailed alternative treatment options and there is nothing on the record to suggest that the court would have reached a different conclusion if it had considered the report. Respondent, therefore, has not established plain error affecting her substantial rights.

Affirmed.

/s/ Michael J. Kelly
/s/ Sima G. Patel
/s/ Daniel S. Korobkin